### COMMONWEALTH *vs.* JOHN COLLINS.

Where a defendant, being convicted in the court of common pleas on an indictment which is insufficient, brings his case before this court on exceptions to the decision of the judge in the court below, overruling the defendant's objections to the indictment, and the exceptions are sustained, the proper order is that the judgment be arrested.

An indictment, for keeping open a shop on the Lord's day, in contravention of the Rev. Sts. *c.* 50, § 1, must contain a statement of the purpose for which the shop is kept open, and it must appear from such statement, that the purpose is an unlawful one.

THE defendant was indicted and tried for the offence of keeping open his shop on the Lord's day, contrary to the provisions of the Rev. Sts. *c.* 50, § 1. The indictment contained four counts. The first alleged, "that the defendant, on the ninth day of August, 1846, at Salem, &c., did keep open his shop, and did suffer persons to resort thereto, the

said ninth day of August being the Lord's day, against the peace of the commonwealth aforesaid, and contrary to the form of the statute in such case made and provided." The other three counts were in the same form, except that the offences therein complained of were alleged to have been committed on different days.

At the trial, which was before *Colby*, J., in the court of common pleas, the defendant, before entering on his defence, objected to the sufficiency of the indictment, for the following reasons : 1. Because there was no averment, in any of the counts, that the defendant kept a shop ; 2. Because there was no averment, in any of the counts, that the defendant kept his shop open on the Lord's day, for the purpose of traffic, or for the transaction of business appertaining to the shop ; 3. Because neither of the counts negatived the fact, that the shop was kept open for the purpose of necessity or charity.

The presiding judge overruled these objections, and the jury found the defendant guilty ; whereupon he alleged exceptions.

The case was submitted without argument.

WILDE, J. This case comes before us on exceptions taken to the ruling of the court, on an objection made by the defendant, at the trial, to the sufficiency of the indictment. The objection was overruled, and the jury returned a verdict of guilty ; and if the objection was well founded, as we think it was, judgment must be arrested, as the verdict cannot cure an insufficient indictment.

The indictment is founded on the Rev. Sts. *c.* 50, § 1, which provides, among other prohibitions, that no person shall keep open his shop, warehouse, or workhouse, or shall do any manner of labor, business, or work, except only works of necessity and charity, on the Lord's day.

The indictment alleges, in several counts, that the defendant did keep open his shop and did suffer persons to resort thereto, on several Lord's days named in the indictment ; but

47 *

it is not alleged for what purpose the defendant kept open his shop and suffered persons to resort thereto ; and unless it was for some unlawful purpose, no offence was committed within the true meaning of the statute.   The intent of the statute undoubtedly was, to prohibit the opening of shops, warehouses, and workhouses, for the purpose of work or the transaction of business, on the Lord's day, but not to prohibit the opening them for any lawful purpose.   The indictment, therefore, should have alleged that the defendant kept open his shop for the purpose of transacting business, or for some other unlawful purpose.   It might have been kept open from necessity, to remove property therefrom threatened with destruction by fire, or it might have been open for some religious meeting, or for promoting some charitable purpose, which, although against the words of the statute, could not be considered as against its true meaning.   The charge in the indictment, therefore, may have been proved, and yet the defendant may not have been guilty of any offence.   We think this case is within the principles laid down in the case of *Comm'th* v. *Slack*, 19 Pick. 304.   That was an indictment for the removal of a dead body, contrary to the prohibition in the Rev. Sts. *c.* 130, § 19.   The indictment charged the offence, merely following the words of the statute, but without alleging with what intent the body was removed ; and the court held that the indictment was insufficient, and that it should have alleged that the body was removed, with the intent to use or dispose of it for the purpose of dissection that being the meaning of the prohibitory clause in the statute, although not within its words.   The same principle is recognized in the case of *Comm'th* v. *Thurlow*, 24 Pick. 374, and is applicable to the present case.

*Judgment  arrested.*